BAKER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   December 31, 1900.)

1. OFFICERS—COMPENSATION OF STENOGRAPHER—TRIAL—STIPULATION.
        Suit was brought by the stenographer of the board of coroners against
    New York City to recover compensation for the transcript of a jury trial
    furnished the district attorney at the request of the board of coroners, and
    the cause was submitted on stipulation that the transcript was furnished
    pursuant to the statute, but it did not show that it was in a homicide case.
    Held, that the defendant could not object that as such transcripts were only
    required by Consol. Act, § 1777 (Laws 1889, c. 443), to be furnished the
    district attorney in homicide cases, the plaintiff was not entitled to re-
    cover because the stipulation did not show that the transcript was in a
    homicide case, since the stipulation that it was furnished pursuant to
    statute was sufficient.

2. SAME—STATUTES—REPEAL.
        Consol. Act, § 1768 (Laws 1889. c. 443), provides that the stenographer
    appointed by the board of coroners shall receive compensation for all
    transcripts furnished the district attorney by order of such board.   Greater
    New York Charter, § 1571, requires such stenographer to transcribe the
    proceedings and testimony taken before a jury in a coroner's court, but
    fails to provide compensation therefor.   Sections 1608 and 1610 provide
    that the consolidation act is only repealed when inconsistent with the
    charter, or so far as the subject-matter is revised or included therein.
    Held, that the stenographer of the board of coroners could recover compen-
    sation from the city for a transcript furnished the district attorney, as
    authorized by Consol. Act, § 1768 (Laws 1889, c. 443), as it is not repealed
    by the charter.

3. SAME.
        Consol. Act, § 1768 (Laws 1889, c. 443), authorizing payment of compen-
    sation to the stenographer appointed by the board of coroners for tran-
    scripts furnished the district attorney, is not repealed by Greater New
    York Charter, § 56, providing that the salaries of all officers whose offices
    are created by the municipal assembly shall be fixed by such assembly,
    since the latter section is but a re-enactment of Consol. Act, § 97 (Laws
    1889, c. 443), and does not relate to stenographers of the coroners, but
    only to the offices created by the assembly.

Appeal from trial term.

Action by Frederick A. Baker against the city of New York to re-
cover for making transcripts of jury trials had before the coroner.
From a judgment dismissing the complaint, the plaintiff appeals.
Reversed.

The action was brought by a stenographer employed by the city to recover
for copies of transcripts of testimony furnished by him to the district attorney
for which he claims to be entitled to compensation in addition to his regular
salary.   It was stipulated by the parties that the plaintiff was duly appointed
by the board of coroners as a skilled stenographer, for the purpose of taking
accurate and full stenographic minutes of all proceedings and testimony taken
before a jury in the coroner's court, as might be directed by said board; that
the plaintiff was and is still a stenographer to, and duly appointed by, the
coroners, pursuant to the statute in such case made and provided, and engaged
in the discharge of his duties as such, and receives an annual salary of $2,500;

that from the 1st day of January, 1898, to the 1st day of July, 1899, the plaintiff took minutes and made transcripts "for the use of the district attorney of the county of New York pursuant to the statute directing the transcription thereof, and at the request and direction of the board of coroners, * * * amounting in the aggregate to 6,568 folios, at the rate of six cents per folio, which amounts to the sum of $394.08, no part of which sum has been paid," though demanded, and a claim therefor filed with the comptroller. Upon this stipulation, the complaint was dismissed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Louis J. Vorhaus, for appellant.
Terence Farley, for respondent.

O'BRIEN, J. By section 1768 of the consolidation act (Laws 1889, c. 443), the board of coroners was given power to appoint a skilled stenographer to take minutes of proceedings and testimony taken before a jury, and he was to "receive a salary of $2,500 per annum, and six cents per folio for all transcripts made for the use of the district attorney's office by direction of said board." And by section 1777 it was provided that the coroners should file with the clerk of the board of coroners in all cases an abstract of the testimony taken before the coroners, and the clerk should "keep the same on file until it is turned over to the board of health and a receipt taken therefor, except in the case of homicide, in which case he shall transmit the same without delay to the district attorney of the city." The respondent says, "It will be observed that it was only in the case of a homicide that the clerk was directed to transmit an abstract of the testimony to the district attorney," so that only in such a case could the stenographer be entitled to six cents per folio for the transcript; and, even if his right to compensation is controlled by section 1768 of the consolidation act, it does not appear that the transcripts furnished to the district attorney by the direction of the coroners were in "homicide cases." This contention is answered by the terms of the stipulation, conceding the transcripts for the district attorney were made "pursuant to statute directing the transcription thereof."

The defendant claims, however, that section 1768 of the consolidation act was superseded by section 1571 of the Greater New York charter, and therefore that the latter statute regulates the plaintiff's right to compensation. The first difficulty in the way of such an argument is that the charter makes no provision for compensation. It is provided by section 1571 of the charter, which defines the powers and duties of the coroners, that "they shall also appoint a stenographer in each borough, whose duty it shall be to take accurate and full stenographic minutes, and transcribe the same, of all proceedings and testimony taken before a jury in any coroner's court held by any one of said coroners." It will be noticed that nothing is said about the salary or compensation to be paid to the stenographer. Unless, therefore, the provision of the consolidation act regulating that subject is elsewhere repealed, it is controlling. Sections 1608 and 1610 of the charter provide that the consolidation act is "hereby repealed so far as any provisions thereof are inconsistent with the provisions of this act or so far as the subject-matter thereof

is revised or included in this act and no further." These, it will be seen, are not general repealing clauses, but only affect inconsistent provisions of the consolidation act; and it would follow, as they are silent on the subject, that they do not repeal the provision of that act relating to the salary and compensation of stenographers of the coroners.

Nor do we think there is force in the further contention, that the salary of such stenographers is now covered by section 56 of the charter, which says:

"The salaries of all officers whose offices may be created by the municipal assembly for the purpose of giving effect to the provisions of this act shall * * * be prescribed by ordinance or resolution. The municipal assembly shall have power upon the recommendation of the board of estimate and apportionment to fix the salary of any officer or person."

Section 56 appears to be a re-enactment merely of section 97 of the consolidation act, which gave the common council power to pass an ordinance fixing the salary of officers created by the counsel, and it does not relate to the compensation of stenographers of the coroners, which had been fixed by section 1768 of the consolidation act.

The provision of the charter that the coroners shall have stenographers is in no way inconsistent with the provisions of the consolidation act. The charter does not as fully describe the duties of such a person as does the consolidation act, nor does it regulate his salary. It was not the purpose, evidently, of the framers of the charter, to revise and collate all the provisions which were in existence at the time relating to the office and to the powers and duties of coroners. The intention was to recognize in a general way the existence of such offices, leaving the regulation of their powers and duties to be governed by the earlier and more ample provisions on that subject in the consolidation act. That this construction is the right one we think follows from the fact not only of the absence of any provision in the charter as to the power of coroners to fix compensation, but, among other things, the failure to provide therein for the transmission of transcripts for the use of the district attorney. As the right of the district attorney to such transcripts, and the compensation to be paid to the stenographer for furnishing them, are to be found alone in the consolidation act, it would be an anomaly to conclude, in the absence of express language which would justify such a construction, that the clause of the consolidation act requiring the furnishing of transcripts should be saved, and the clause with reference to the compensation repealed.

We would gladly have reached another conclusion, because, we think, the policy of paying a stenographer to the coroners a stated salary of $2,500 a year, and permitting him, in addition, to receive compensation for work done in that position, is not a good one; but the remedy is with the legislature, and not with the courts, whose duty it is to ascertain and enforce the law, and not to determine questions of policy.

We think that, under the stipulation made, the dismissal of the complaint was erroneous, and that the judgment, accordingly, should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.